IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CORY SMITH,

    Plaintiff,                                                        No. _____

v.

SYSCO CORPORATION; SYGMA NETWORK INC.;
ZURICH AMERICAN INSURANCE COMPANY; and
DANIEL LONE

    Defendants.

## NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

To:    UNITED STATES DISTRICT COURT
         FOR THE DISTRICT OF NEW MEXICO

COMES NOW, Defendants Sysco Corporation, Sygma Network Inc., Zurich American Insurance Company, and Daniel Lone ("Defendants"), by and through their counsel of record, Guebert Gentile & Piazza, P.C. (Lawrence A. Junker and Clinton E. Dow), and pursuant to 28 U.S.C. § 1332, 1446 and D.N.M.LR-Civ. 81.1, moves this Court to allow removal of the above-entitled action to the United States District Court for the District of New Mexico. As grounds therefore, Defendants would show:

    1.    On August 19, 2021, a Complaint for Personal Injury was filed in the Fifth Judicial District Court, County of Lea, State of New Mexico. The case was docketed as Cause No. D-506-CV-2021-00758. The Plaintiff is Cory Smith. A copy of the Complaint is attached hereto as **Exhibit A**.

2. The Complaint names Sysco Corporation, Sygma Network Inc., Zurich American Insurance Company, and Daniel Lone as Defendants in the matter.

3. Sysco Corporation is a foreign company incorporated in the state of Delaware, with its principle place of business in Houston, Texas. Both locations are outside the State of New Mexico.

4. The Plaintiff alleges that, "Sysco Corporation, (hereinafter "Sysco") is a Delaware, foreign profit corporation duly organized and existing pursuant to law." **Exhibit A**, ¶ 2.

5. Sygma Network Inc. is a foreign company incorporated in the state of Delaware, with its principle place of business in Dublin, Ohio. Both locations are outside the State of New Mexico.

6. The Plaintiff alleges that, "Sygma Network Inc. (hereinafter "Sygma") is an Ohio corporation duly organized and existing pursuant to law and is a subsidiary of Defendant Sysco." **Exhibit A**, ¶ 3.

7. Zurich American Insurance Company is a foreign insurance company incorporated in the state of New York, with its principle place of business in Schaumburg, Illinois. Both locations are outside the State of New Mexico.

8. The Plaintiff alleges that, "Zurich American Insurance Company (hereinafter "Defendant Zurich") is an Illinois, foreign corporation duly authorized and licensed to sell commercial insurance, including automobile insurance, and was the Insurer for the vehicle being driven by Defendant Daniel Lone…" **Exhibit A**, ¶ 4.

9. Daniel Lone is a resident of Aurora, Colorado.

10. The Plaintiff alleges that, "Daniel Lone is a resident of Aurora, Adams County, Colorado." **Exhibit A**, ¶ 5.

11. Plaintiff asserts six Counts against Defendants including: Negligence against Defendant Lone (Count I); Negligence Per Se against Defendant Lone (Count II); Negligence Against Defendant Sygma (Count III); Negligence against Defendant Sysco (Count IV); claim against Zurich American Insurance Company as a nominal Defendant pursuant to *Raskob v. Sanchez*, 1998 NMSC 45, P3, 126 N.M. 394, 970 P.2d 580 (Count V[1]); claim for damages from all Defendants (Count VI); and claim for punitive damages against Defendants Sysco, Sygma, and Daniel Lone (Count VII).

### I. DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

12. "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. §1446(b)(1).

13. Sysco Corporation, Sygma Network, Zurich American Insurance Company, and Daniel Lone was served on or after August 26, 2021.

---

[1] Plaintiff Cited "Count IV" twice.

3

14. As such, removal is timely and proper as it was performed within 30 days of the service of the Complaint, and it could be ascertained that the case was one which was removable. 28 U.S.C. § 1446(b)(3).

15. Pursuant to 28 U.S.C. § 1446(b) and D.N.M.LR-Civ. 81.1, attached hereto are copies of all pleadings served upon Defendants in the Fifth Judicial District Court No. D-506-CV-2021-00758. **Exhibit B**.

16. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and a copy is being filed with the Clerk of the Fifth District Court, Lea County, New Mexico.

17. As identified in the Complaint, Defendants are incorporated and headquartered in the states outside of New Mexico and Defendant Lone is a resident of Colorado. The Complaint does not allege that any of the Defendants are citizens of New Mexico.

II.  **THIS COURT HAS TRADITIONAL DIVERSITY JURISDICTION OVER THIS ACTION.**

   A.  **Diversity Exists Between Plaintiff and Defendant State Farm.**

18. Defendants are citizens of states outside of New Mexico for the purposes of federal jurisdiction, as they organized under the laws of states outside of New Mexico, and its principal place of businesses outside of New Mexico. *See* 28 U.S.C. § 1332(c)(1). Defendant Lone is a resident of Colorado.

19. Plaintiff is a citizen of Brighton, Adams County, Colorado. **Exhibit A**.

20. Because Defendants are citizens of states outside of New Mexico for the purposes of federal jurisdiction and because Plaintiff is a citizen of Brighton, Adams County, Colorado, complete diversity exists between Defendants and Plaintiff.

### B. The $75,000 Amount in Controversy is Satisfied.

21. "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy…" 28 U.S.C. § 1446(c)(2).

22. "[T]he notice of removal may assert the amount in controversy if the initial pleading seeks …a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded…" 28 U.S.C. § 1446(c)(2)(A). Additionally, though, "removal of the action is proper on the basis of an amount in controversy asserted under subparagraphs (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." 28 U.S.C. § 1446(c)(2)(B).

23. For purposes of diversity jurisdiction, "[t]he amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) (citing *Lonnquist v. J.C. Penney Co.*, 421 F.2d 597, 599 (10th Cir. 1970)).

24. The Complaint does not allege a specific amount of damages.

25. "In making this determination, courts may consider the substance and nature of the injuries and damages described in the pleadings, any attorney affidavits filed prior to or in connection with the removal notice, a plaintiff's prior admission in open court that the value of the claim exceeds the jurisdictional amount, or even a plaintiff's refusal to stipulate or admit that he or he is not seeking damages in excess of the requisite amount." *Hanna v. Miller*, 163 F.Supp. 2d 1302, 1306 (D.N.M. 2001).

26.     Here, Plaintiff does not cap his damages in any way, and avoids making any stipulation that he is not seeking individual damages in excess of the $75,000 jurisdictional amount.  Plaintiff prays for an award in favor of Plaintiff to compensate him for costs, attorneys' fees, punitive damages, treble damages, and compensatory damages.  An examination of Plaintiff's claims established that Plaintiff has put far more than $75,000 in controversy.

27.     To begin, the Complaint alleges that Plaintiff was injured in the accident sustaining "significant injuries." (Complaint, ¶ 13); that Plaintiff was injured in a semi-truck accident when the truck rolled onto its side (Complaint, ¶ 12); that Plaintiff sustained physical injuries, pain and suffering, loss of capacity, loss of enjoyment of life, medical expenses, and loss of household services (Complaint, ¶¶ 18, 23, 39); and that Plaintiff makes a Claim for Punitive Damages (Complaint, ¶¶ 40-42).  **Exhibit A**.

28.     Adding Plaintiff's claims for compensatory damages, punitive damages, and attorney's fees, the amount in controversy for Plaintiff's claims certainly exceeds $75,000.

29.     Defendants reserve the right to amend and/or supplement this Notice of Removal.

WHEREFORE, for all of the foregoing reasons, this action is properly removed.

GUEBERT GENTILE & PIAZZA P.C.

By   */s/ Clinton E. Dow*
    Lawrence A. Junker
    Clinton E. Dow
    P.O. Box 93880
    Albuquerque, NM 87199-3880
    (505) 823-2300
    ljunker@guebertlaw.com
    cdow@guebertlaw.com
    *Attorneys for Defendants*

This is to certify that on this 24th day of September, 2021, the foregoing Notice of Removal to United States District Court for the District of New Mexico was filed electronically through the CM/ECF system, and that I caused a copy of the same to be served by email to:

Jordan E. Winters
Rachel Berenson
Berenson & Associates, P.C.
415 Sixth Street NW
Albuquerque, NM 87102
(505) 243-4400
(505) 243-4405 (fax)
jordan@nmjusticelaw.com
rachel@nmjusticelaw.com
*Attorneys for Plaintiff*


*/s/ Clinton E. Dow*

F:\Clients\0300.981\Pleadings\Federal\2021.09.22.Notice of Removal.0300.981docx/krg