FILED
5th JUDICIAL DISTRICT COURT
Lea County
8/19/2021 10:23 AM
NELDA CUELLAR
CLERK OF THE COURT
Cory Hagedoorn

FIFTH JUDICIAL DISTRICT COURT
COUNTY OF LEA
STATE OF NEW MEXICO

CORY SMITH,

    Plaintiff,

vs.

No.: D-506-CV-2021-00758

Case assigned to Sanchez, Mark

SYSCO CORPORATION; SYGMA NETWORK INC.;
ZURICH AMERICAN INSURANCE COMPANY; and
DANIEL LONE,

    Defendants.

## COMPLAINT FOR PERSONAL INJURY

**COMES NOW,** Plaintiff Cory Smith, by and through his counsel of record, Rachel Berenson and Jordan E. Winters of BERENSON & ASSOCIATES, P.C., and hereby states the following in support of his Complaint for personal injury:

### PARTIES

1. Plaintiff, Cory Smith, is a resident of Brighton, Adams County, Colorado.

2. Defendant Sysco Corporation (hereinafter "Sysco") is a Delaware, foreign profit corporation duly organized and existing pursuant to law. It may be served with citation by serving its registered agent for service, Corporation Service Company, located at MC-CSC1, 726 E. Michigan Dr., Ste. 101, Hobbs, New Mexico 88240.

3. Defendant Sygma Network Inc. (hereinafter "Sygma") is an Ohio corporation duly organized and existing pursuant to law and is a subsidiary of Defendant Sysco. It may be served with citation by serving its registered agent for service, Corporation Service Company, located at MC-CSC1, 726 E. Michigan Dr., Ste. 101, Hobbs, New Mexico 88240.

# EXHIBIT A

4. Defendant Zurich American Insurance Company (hereinafter "Defendant Zurich") is an Illinois, foreign corporation duly authorized and licensed to sell commercial insurance, including automobile insurance, and was the Insurer for the vehicle being driven by Defendant Daniel Lone. It may be served with citation by serving its registered agent for service, Corporation Service Company, located at MC-CSC1, 726 E. Michigan Dr., Ste. 101, Hobbs, New Mexico 88240.

5. Defendant Daniel Lone is a resident of Aurora, Adams County, Colorado.

## VENUE, JURISDICTION AND JOINDER

6. The facts and allegations of this Complaint occurred in the State of New Mexico.

7. Jurisdiction over the parties and the subject matter herein is proper with this Court pursuant to Article VI of the New Mexico Constitution.

8. Venue is proper in the Fifth Judicial District, pursuant to NMSA 1978, §38-3-1(A) and (F).

9. Joinder of Plaintiff's claims against Defendants in this action is proper under Rule 1-020, because Plaintiff's claims: (1) arise out of the same transaction, occurrence, or series of transactions or occurrences; and (2) questions of law and fact common to all Defendants will arise in this action.

## FACTS

10. In the early morning of December 16, 2020, Cory Smith, was a passenger in a semi-tractor trailer which was being driven by Defendant Lone.

11. The subject commercial motor vehicle was owned by Defendant Sysco and operated by Defendant Sygma. At all relevant times hereto, Defendant Lone and Plaintiff were acting within the course and scope of their employment for Defendant Sygma.

12. Defendant Lone was driving Eastbound on Interstate 40, near Milepost 97, in Cibola County, New Mexico, when he lost control of the subject vehicle and rolled it on its side.

13. As a result, Plaintiff sustained significant injuries.

## COUNT I
### (Negligence Against Defendant Lone)

14. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 13 as if fully set forth herein.

15. Defendant Lone had a duty to act reasonably and use due care while operating a vehicle.

16. Defendant's duty of care increases with the severity of danger. Thus, this Defendant's duties were especially high given the type of vehicle driven and the high standard of care required of interstate motor carriers.

17. Defendant Lone owed Plaintiff duties of care which he breached by among other things:

   a. Failed to keep a proper lookout;

   b. Failed to maintain proper control of his vehicle to avoid a collision;

   c. Becoming distracted while driving;

   d. Driving while overly fatigued;

   e. Violating Federal Motor Carrier regulations; and

   f. Otherwise acting without the reasonable care required of him under the circumstances.

18. As a direct and proximate cause of Defendant Lone's negligence, Plaintiff sustained physical injuries, pain and suffering, loss of enjoyment of life, medical expenses, and loss of household services.

## COUNT II-NEGLIGENCE *PER SE*
**(Negligence *Per Se* Against Defendant Lone)**

19. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 18 as if fully set forth herein.

20. At all relevant times, Defendant Lone, while within the state of New Mexico, failed to use ordinary care by various acts and omissions, including the following, each of which, singularly or in combination with others was the proximate cause of the motor vehicle collision and Plaintiff's damages:

    a. Failed to keep a proper lookout;

    b. Failed to maintain proper control of his vehicle to avoid a collision;

    c. Becoming distracted while driving;

    d. Driving while overly fatigued;

    e. Violating Federal Motor Carrier regulations; and

    f. Otherwise acting without the reasonable care required of him under the circumstances.

21. The aforementioned statutes or regulations were enacted for the protection of the class of persons, which include the Plaintiff. Defendant Lone's violation of these statutes and/or regulations constitute negligence *per se*.

22. Each act or omission, singularly or in combination with others, constitutes negligence on the part of Defendant Lone which proximately caused the injuries and damages which Plaintiff has suffered.

23. As a result of Defendant Lone's breach of duty, Plaintiff sustained personal injuries, medical expenses, pain and suffering, loss of capacity and enjoyment of life, and loss of household services.

## COUNT III
### (Negligence Against Defendant Sygma)

24. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 23 as if fully set forth herein.

25. Defendant Sygma owed duties of care to the Plaintiff which it independently breached by, among other things:

    a. Failing to properly train Defendant Lone;

    b. Failing to properly monitor Defendant Lone;

    c. Failing to properly supervise Defendant Lone;

    d. Failing to properly inspect the truck driven by Defendant Lone and other drivers;

    e. Violating State and Federal Motor Carriers rules and regulations; and

    f. Otherwise acting without the reasonable care required of it under the circumstances.

26. In addition to Defendant Sygma's liability under the doctrine of respondeat superior, it is also liable to the Plaintiff for its independent negligence as stated above.

27. Defendant Sygma's negligence was the direct and proximate cause of this motor vehicle collision, and Plaintiff's injuries and damages.

## COUNT IV
### (Negligence Against Defendant Sysco)

28. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 27 as if fully set forth herein.

29. At the time of the subject motor vehicle collision, Defendant Sysco owned the subject commercial vehicle and was the principal corporation to Defendant Sygma.

30. Defendant Sysco is liable to Plaintiff under the doctrine of respondeat superior.

31. Further, Defendant Sysco owed duties of care to Plaintiff which it independently breached by, among other things:

    a. Failing to properly train Defendant Lone;

    b. Failing to properly monitor Defendant Lone;

    c. Failing to properly supervise Defendant Lone;

    d. Failing to properly inspect the truck driven by Defendant Lone and other drivers;

    e. Failing to properly repair and maintain the truck(s) driven by Defendant Lone and other drivers working for Sygma Network, Inc.;

    f. Violating State and Federal Motor Carrier rules and regulations; and

    g. Otherwise acting without the reasonable care required of it under the circumstances.

32. In addition to Defendant Sysco's liability under the doctrine of respondeat superior, it is liable to the Plaintiff for its independent negligence as stated above.

33. Defendant Sysco's negligence as described above, was a direct and proximate cause of this motor vehicle collision, and Plaintiff's injuries and damages.

## COUNT IV
### (Cory Smith v. Zurich American Insurance Company-*Raskob*)

34. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 33 as if fully set forth herein.

35. At all relevant times, Defendant Zurich has a commercial insurance policy for Defendant Sysco, in effect at the time of this motor vehicle collision.

36. Pursuant to the New Mexico Financial Responsibility Act NMSA 1978, and under the holding of *Raskob v. Sanchez*, 126 N.M. 394 (199), Plaintiff has a claim of benefits

against Defendant Zurich for injuries proximately caused by the driver of their insured's vehicle, Defendant Lone.

37. Accordingly, Defendant Zurich is therefore responsible for payment of all or some of any judgment and is a real Defendant party in interest.

## COUNT V
### (Damages)

38. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 37 as if fully set forth herein.

39. As a direct and proximate result of Defendants' negligence, as stated above, Plaintiff seeks the following damages:

   a. Personal injury damages including, medical expenses, pain and suffering, loss of capacity and enjoyment of life, and loss of household services; and

   b. Pre-judgment interest, post-judgment interest, and Plaintiff's costs of suit, as allowed by law.

## COUNT VI
### (Claim for Punitive Damages Against Defendant Sysco, Sygma, and Daniel Lone)

40. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 39 as if fully set forth herein.

41. In addition to failing to properly train, supervise, and manage Defendant Lone and other drivers, Sysco Corporation and Sygma Network Inc., acted intentionally, recklessly, willfully and/or with wanton disregard for the safety of others because they allowed a pattern and practice of overworking their employees, failing to train, inspect and maintain their vehicles, and failing to comply with State and Federal safety standards and regulations.

42. These intentional, reckless and/or willful acts and omissions, either singularly or in combination, were the proximate cause of Plaintiff's injuries and damages. Accordingly, Defendants are liable for punitive damages.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment against the Defendants for their damages, punitive damages, pre-judgment and post-judgment interest at a legal rate, for their costs, and for such other and further relief to which Plaintiff may be entitled to under the facts and circumstances.

Respectfully Submitted,

BERENSON & ASSOCIATES, P.C.

*/s/ Jordan E. Winters*
Jordan E. Winters
Rachel Berenson
415 Sixth Street NW
Albuquerque, NM 87102
Tel.: (505) 243-4400
Fax: (505) 243-4405

*Attorneys for Plaintiff*