**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

CORY SMITH,

      **Plaintiff,**

v.                                  **No. 21-cv-0940 GJF/SMV**

SYSCO CORPORATION,
SYGMA NETWORK INC,
ZURICH AMERICAN INSURANCE COMPANY,
and DANIEL LONE,

      **Defendants.**

<u>**MEMORANDUM OPINION AND ORDER**</u>

THIS MATTER is before the Court on review of the Notice of Removal [Doc. 1], filed by Defendants on September 24, 2021. The Court has a duty to determine sua sponte whether subject-matter jurisdiction exists. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). The Court, having considered the Notice of Removal, the underlying Complaint, the applicable law, and being otherwise fully advised in the premises, concludes that the Notice of Removal fails to allege facts to sustain subject-matter jurisdiction, including diversity jurisdiction. Specifically and most importantly, Defendants allege that both Plaintiff and Defendant Lone are from of Colorado, which would appear to preclude diversity jurisdiction. There are two additional, related deficiencies: First, allegations of Plaintiff's and Defendant Lone's "residence" are inadequate. As explained below, diversity jurisdiction looks to "citizenship," which is something more than "residence." Second, removal based on diversity jurisdiction requires diversity of citizenship both at the time of the filing of the Complaint and also at the time of removal. Therefore, the Court will order Defendants to file an

amended Notice of Removal no later than **October 21, 2021**, if the necessary jurisdictional allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure.

## BACKGROUND

On September 24, 2021, Defendants removed this case to federal court, asserting complete diversity between the parties and that the amount in controversy exceeds $75,000.  [Doc. 1] at 4−5.  Defendants allege that Defendant Sysco is a citizen of Delaware and Texas, Defendant Sygma is a citizen of Delaware and Ohio, Defendant Zurich is a citizen of New York and Illinois, and Defendant Lone is a "resident" of Colorado.  *Id.* at 2.  The problem is that Defendants allege that Plaintiff is also a "resident" of Colorado, like Defendant Lone, which would appear to preclude diversity jurisdiction.

## LEGAL STANDARD

The federal statute providing for the removal of cases from state to federal court was intended to restrict rather than enlarge removal rights.  *Greenshields v. Warren Petrol. Corp.*, 248 F.2d 61, 65 (10th Cir. 1957).  Federal courts, therefore, are to strictly construe the removal statutes and to resolve all doubts against removal.  *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).  The removing party bears the burden of establishing the requirements for federal jurisdiction.  *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1016 (10th Cir. 2013).

## DISCUSSION

District courts have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between

citizens of different States.  § 1332(a).  Jurisdiction under § 1332 requires diversity of *citizenship*. The party asserting jurisdiction must plead citizenship distinctly and affirmatively; allegations of residence are not enough.  *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015).  Domicile, the equivalent of state citizenship, requires more than mere residence; domicile exists only when residence is coupled with an intention to remain in the state indefinitely. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).

When diversity jurisdiction is the basis for removal, diversity must exist both at the time the action is filed in state court and at the time the case is removed to federal court.  *Woods v. Ross Dress for Less, Inc.*, 833 F. App'x 754, 757 (10th Cir. 2021) (citing *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570–71, 574 (2004) and citing 14C CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE—JURISDICTION AND RELATED MATTERS § 3723 (4th ed., July 2020 update)).  Under the "time-of-filing" rule, the citizenship of every plaintiff must be diverse from the citizenship of every defendant when the complaint is filed.  *Grupo Dataflux*, 541 U.S. at 570–71.  Under § 1441(a), there also must "be complete diversity at the time of removal."  *Id.* at 574.

Here, the facts set forth in the Notice of Removal [Doc. 1] do not establish diversity jurisdiction, primarily because they allege Plaintiff and Defendant Lone are both from Colorado. Secondarily, the allegations are deficient because they allege the "residence" rather than the "citizenship" of Plaintiff and Defendant Lone, and because they do not allege diversity of citizenship at the time of both the filing of the Complaint and also removal.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendants amend the Notice of Removal to properly allege subject-matter jurisdiction, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than **October 21, 2021**.

**IT IS FURTHER ORDERED** that if such an amended notice is not filed by **October 21, 2021**, the Court may remand this action to state court.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**

4